UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/25/2026___
```

FRED ALSTON, as a Trustee of THE LOCAL 272
LABOR-MANAGEMENT PENSION FUND; FRED
ALSTON, as a Trustee of THE LOCAL 272
LABOR-MANAGEMENT WELFARE FUND,

Plaintiff,

-against-

ICON PARKING SERVICES, LLC; ICON
PARKING HOLDINGS, LLC; ICON PARKING 3,
LLC; ICON PARKING SYSTEMS, LLC; ICON
PARKING MANAGEMENT, LLC; CITIZENS
ICON HOLDINGS, LLC,

Defendants.

25-CV-02896 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff Fred Alston ("Plaintiff") brings this action under the Employment Retirement Income Security Act ("ERISA") in his capacity as trustee of two employee benefit plans. Plaintiff alleges that Defendants Icon Parking Services, LLC; Icon Parking Holdings, LLC; Icon Parking 3, LLC; Icon Parking Systems, LLC; Icon Parking Management, LLC; and Citizens Icon Holdings, LLC (collectively, "Defendants") failed to make required contributions to the Local 272 Labor-Management Pension Fund ("Pension Fund") and the Local 272 Welfare Fund ("Welfare Fund" and together with Pension Fund, the "Funds"). Before the Court is Plaintiff's motion for default judgment against all Defendants. For the reasons set forth below, the motion is GRANTED and default judgment is ENTERED.

1

**BACKGROUND**

## I.    RELEVANT FACTS

Plaintiff is a trustee of the Funds, which are employee benefit plans within the meaning of Section 3(3) of ERISA that provide pension and health benefits to "active and retired parking garage employees and their families" in New York City. *Id.* ¶¶ 3, 5–6. Defendants entered into collective bargaining agreements that provided for contributions to the Funds (the "Contracts"). *Id.* ¶ 11. As relevant here, the Contracts required Defendants to make contributions to the Funds for the period of January 1, 2023 to December 31, 2023 and for the month of February 2025. *Id.* ¶¶ 15–16. Plaintiff alleges that Defendants failed to make those contributions.

## II.    PROCEDURAL HISTORY

Plaintiff filed the Complaint on April 8, 2025. Dkt. No. 1. The Complaint asserts four causes of action under Section 515 of ERISA, alleging unpaid contributions to: (1) the Pension Fund for the year 2023, in the amount of $14,856.70; (2) the Welfare Fund for the year 2023, in the amount of $41,290.76; (3) the Pension fund for the month of February 2025, in the amount of $127,737.00; and (4) the Welfare fund for the month of February 2025, in the amount of $538,040.00. *See id.* at 5–6.

Plaintiff served the summons and Complaint on Defendants on April 21, 2025, and filed proof of service shortly thereafter. Dkt. Nos. 6–11. Defendants accordingly had 21 days—until May 12, 2025—to answer or move against the Complaint. Defendants failed to appear, answer, or otherwise respond to the Complaint. Plaintiff obtained a Certificate of Default as to all Defendants on May 14, 2025. Dkt. No. 16. Plaintiff moved for default judgment as to all Defendants on July 3, 2025. Dkt. Nos. 22–24. The motion papers were served on Defendants on

2

July 7, 2025. Dkt. No. 26. To date, Defendants have failed to oppose the motion, answer the Complaint, or appear in this action.

## DISCUSSION

### I.    LEGAL STANDARD

A party seeking a default judgment must follow the two-step procedure set forth in Federal Rule of Civil Procedure 55—first seeking entry of default and then seeking entry of default judgment. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011).[1] The second step "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Id.* Rule 54(c) provides that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

Whether to enter a default judgment lies in the "sound discretion" of the trial court. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993). A court may enter a default judgment "if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015). The court "applies the same standards that govern a motion to dismiss under [Rule] 12(b)(6)" for purposes of deciding whether default judgment is warranted. *Cala v. Buena Vista Tortillas Corp.*, 21-CV-6890 (JPO), 2023 WL

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

3

2574746, at *2 (S.D.N.Y. Mar. 20, 2023); *see also Zokirzoda v. Acri Cafe Inc.*, 18-CV-11630 (JPO), 2020 WL 359908, at *2 (S.D.N.Y. Jan. 22, 2020) (noting that "a party in default does not admit conclusions of law" and plaintiff has "the burden to demonstrate that the uncontroverted facts establish the defendant's liability").

## II.   ANALYSIS

The Court has reviewed Plaintiff's motion and supporting papers. Because proof of service has been filed, each Defendant has failed to answer the Complaint, the time for doing so has expired, each Defendant has failed to appear to contest the entry of default judgment, and Plaintiff has alleged sufficient facts to establish Defendants' liability for the four claims for relief, the Court will enter default judgment for Plaintiff and against all Defendants, in an amount to be determined at an inquest, plus costs, interest, and attorneys' fees.

Plaintiff brings his claims under Section 515 of ERISA, which provides that any "employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall … make such contributions in accordance with the terms and conditions of such plan or such agreement." *See Bricklayers & Allied Craftworkers Local 2*, 779 F.3d at 187–88. To establish a violation of Section 515, a plaintiff must show that the defendant "(1) is an employer; (2) is bound by a [collective bargaining agreement] that required payment of contributions; and (3) failed to make those contributions." *Exhibition Emps. Loc. 829 I.A.T.S.E Pension Fund v. Nat'l Convention Servs., LLC*, No. 1:24-CV-07833 (MKV), 2025 WL 2253741, at *3 (S.D.N.Y. Aug. 7, 2025) (quoting *Trs. of Pavers & Rd. Builders Dist. Council Welfare, Pension, & Annuity Funds v. Rici Corp.*, No. 23-CV-5856, 2024 WL 4314958, at *4 (E.D.N.Y. Aug. 19, 2024)).

4

The Complaint alleges sufficient facts to establish Defendants' liability for violations of Section 515. First, Plaintiff sufficiently alleges that Defendants are employers within the meaning of ERISA. For ERISA purposes, "an 'employer' is 'any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan.'" *Id.* (quoting 29 U.S.C. § 1002(5)). Here, Plaintiff alleges that Defendants "are and were employers" and that they employ certain employees who are subject to the Contracts. Dkt. No. 1. ¶¶ 9, 11. Accordingly, Plaintiff has sufficiently alleged that Defendants are employers within the meaning of ERISA.

Second, Plaintiff has alleged that the Contracts require Defendants to make payment of contributions to the Funds. In the Complaint, Plaintiff alleges that under the terms of the Contracts, Defendants were required to make contributions to the Funds for the period of January to December 2023, and for the month of February 2025. *Id.* ¶¶ 15–16. Plaintiff also alleges that Defendants entered into the Contracts that create Defendants' contribution obligations and that the Contracts were effective during the relevant time period. *Id.* ¶¶ 11–12. These factual assertions sufficiently establish that Defendants are bound by the Contracts that required payment of contributions.

Lastly, Plaintiff has alleged that Defendants did not make the contributions as required by the Contracts. Plaintiff asserts that Defendants "have failed" and "refused and continue to refuse" to pay the required contributions to the Funds. *Id.* ¶¶ 20, 22, 24, 26. These allegations meet the applicable pleading standard. *See Alston as Tr. of Loc. 272 Lab. Mgmt. Pension Fund v. Nagle Parking Inc.*, No. 23-CV-01739 (PAE), 2023 WL 4157186, at *2 (S.D.N.Y. June 23, 2023) (noting that allegations that an employer failed to remit contributions to an ERISA plan in

accordance with the terms of a collective bargaining agreement are sufficient at the pleading stage).

**CONCLUSION**

For the foregoing reasons, the Court concludes that entry of default judgment is warranted as to all claims against all Defendants. The Court will, by separate order, refer this case to the Hon. Henry J. Ricardo, Magistrate Judge, for an inquest into damages, including attorneys' fees, costs, and interest.

Plaintiff shall serve this Order upon each Defendant and file affidavits reflecting such service on the docket on or before April 8, 2026.

The Clerk of Court is respectfully directed to terminate Dkt. Nos. 22, 27, and 28.

Dated: March 25, 2026
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge